**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EDWARD LUPO,**

        **Plaintiff,**

    **v.**                          **Civil Action 2:20-cv-1073**
                                        **Judge James L. Graham**
                                        **Magistrate Judge Jolson**

**WILLIS LAW FIRM, LLC, et al.,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Conduct Discovery Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (Doc. 13). For the reasons that follow, Plaintiff's Motion is **GRANTED**, and Plaintiff shall respond to Defendant Willis Law Firm, LLC's ("Willis Law") summary judgment motion within twenty-one (21) days of the close of fact discovery.

### I.    BACKGROUND

This case stems from Plaintiff's July 2019 eviction from his residential rental property. Plaintiff alleges, from July 2018 through June 2019, he consistently experienced "disrepair and unsuitable conditions" with his rental apartment but, nonetheless, "continued to pay his rent[.]" (Doc. 1, ¶¶ 18–31). After his landlord denied his request to change units, Plaintiff sent an email "indicating his intent to move out by July 16th, 2019 and requesting compensation for living with cockroaches." (*Id.*, ¶¶ 32–33). Plaintiff subsequently received eviction notices "even though he was current on his lease." (*Id.*, ¶ 34). Plaintiff moved out of his apartment on July 15, 2019. (*Id.*, ¶ 36).

That fall, Defendant Federal Adjustment Bureau, Inc. ("FABCO") sent Plaintiff a letter "demanding payment of $3,126.33 related to the Property." (*Id.*, ¶ 37–38). According to Plaintiff, FABCO demanded payments "that were not owed by [him]," including "charges, penalties and amounts not authorized under the lease or Ohio law[.]" (*Id.*, ¶¶ 39–40). Then, on January 7, 2020, Willis Law, on behalf of the rental company for Plaintiff's previous apartment, filed a lawsuit against Plaintiff in state court, "demand[ing] payments" he did "not [owe]," including "charges, penalties and amounts not authorized under the lease or Ohio law[.]" (*Id.*, ¶¶ 44–46). Additionally, Willis Law allegedly "added charges to the debt that the original creditor admits through its own accounting are not accurate" and "made misleading statements regarding who the creditor was." (*Id.*, ¶¶ 48–49).

Plaintiff filed this lawsuit against FABCO and Willis Law the next month. (Doc. 1). He alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), as well as the Ohio Consumer Sales Practices Act ("OCSPA"). (*See generally id.*). Procedurally speaking, this case is still relatively young. The Court issued the scheduling order on May 5, 2020, setting a discovery deadline of December 4, 2020, and a dispositive motion deadline of January 15, 2021. (Doc. 9). Willis Law moved for summary judgment only two months into discovery. (Doc. 11). In its Motion, it asserts it is not a "debt collector" under the FDCPA, but even if it is, its actions did not violate federal or state law. (*See generally id.*).

Plaintiff contends Willis Law's Motion is premature. Specifically, he asserts he "has not had an adequate opportunity to conduct discovery on several issues in this case including [Willis Law's] status as a debt collector, the amounts it sought and how it calculated those amounts, and [its] claimed bona-fide error defense." (Doc. 13 at 2). Given this, Plaintiff asks the Court to allow him to conduct further discovery before responding to Willis Law's summary judgment motion.

2

(*Id.*).   Yet, from Willis Law's perspective, discovery is complete.   (*See generally* Doc. 19).

Plaintiff did not file a reply brief, so this matter is now ripe for resolution.  (*See* Docs. 13, 19).

## II.      STANDARD

Rule 56(d) of the Federal Rules of Civil Procedure governs Plaintiff's Motion.  It provides:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

This Rule "is intended to provide a mechanism for the parties and the court 'to give effect to the well-established principle that the plaintiff must receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'"  *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2012 WL 1340369, at *2 (S.D. Ohio Apr. 17, 2012) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009)).  "Likewise, it is improper to grant summary judgment if [the party seeking Rule 56(d) relief] is given an insufficient opportunity for discovery."  *Dish Network LLC v. Fun Dish Inc.*, No. 1:08-CV-1540, 2011 WL 13130841, at *3 (N.D. Ohio Aug. 12, 2011) (citing *White's Landing Fisheries, Inc. v. Bucholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994)).

As for the affidavit or declaration required by Rule 56(d), it must "'indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information.'"  *Clifford v. Church Mut. Ins. Co.*, No. 2:13-CV-853, 2014 WL 5529664, at *2 (S.D. Ohio Nov. 3, 2014) (alterations in original) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)).  "The Sixth Circuit has held

3

that it is not an abuse of discretion for the district court to deny the Rule 56 request for discovery when the party 'makes only general and conclusory statements [ ] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be discovered.'" *Snow v. Kemp*, No. 10-2363-STA-CGC, 2011 WL 345864, at *1 (W.D. Tenn. Feb. 2, 2011) (second alteration in original) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)).

Where, as here, the party seeking relief under Rule 56(d) complied with the Rule's procedural requirement, "the Sixth Circuit has provided guidance as to the factors a court should evaluate in considering whether to permit the requested discovery." *Cressend v. Waugh*, No. 2:09-CV-01060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011) (citing *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)).

> These factors include (1) when the [party seeking discovery] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would ... change[ ] the ruling ...; (3) how long the discovery period has lasted; (4) whether the [party seeking discovery] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgment] was responsive to discovery requests.

*Cressend*, 2011 WL 883059, at *2 (alterations in original) (internal quotation marks omitted) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995) (the "*Plott* factors")).

Relevant here, the Sixth Circuit has made clear that if the movant "has not 'receive[d] a full opportunity to conduct discovery,' denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Cressend*, 2011 WL 883059, at *2 (second alteration in original) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

### III.    DISCUSSION

As set forth below, the Court finds that Plaintiff has met his burden under Rule 56(d) and is entitled to further discovery before responding to Willis Law's summary judgment motion.

### A. Plaintiff's Affidavit

To start, Plaintiff complied with Rule 56(d)'s technical requirements by specifying in his affidavit the information he needs to respond to Willis Law's summary judgment motion. *See Williams v. Goodyear Tire & Rubber Co.*, No. 11-2-35-STA, 2012 WL 1228860, at *3 (W.D. Tenn. Apr. 11, 2012) (noting that the movant must "demonstrate [the] need for further discovery with particularity"). While Willis Law asserts that it "has fully responded to Plaintiff's discovery requests," (Doc. 19 at 4), and Plaintiff seeks simply to "go on a fishing expedition," (*id*. at 5), the Court does not find that Plaintiff "'makes only general and conclusory statements [ ] regarding the need for more discovery,'" *Cacevic*, 226 F.3d at 488 (quoting *Ironside*, 188 F.3d at 354). To the contrary, Plaintiff describes the discovery sought and specifically articulates the basis for that discovery. (*See generally* Doc. 13-1). Plaintiff has satisfied Rule 56(d)'s procedural requirement as a result.

### B. Discovery at Issue and the *Plott* Factors

The Court turns now to the additional discovery Plaintiff seeks and whether, on balance, the *Plott* factors support his request for Rule 56(d) relief.

#### 1.  Additional Discovery

Plaintiff contends that Willis Law's discovery responses have, thus far, been deficient. (*See* Doc. 13 at 3–4). The parties exchanged initial disclosures in May 2020, and on June 15, 2020, Plaintiff served his first set of discovery requests. (Doc. 13-1, ¶¶ 6, 8). Willis Law responded four days later, producing only eight pages of documents and "unverified responses to written

discovery." (*Id.*, ¶ 9). Several days later, Willis Law moved for summary judgment. (Doc. 11). Plaintiff subsequently sent Willis Law a deficiency letter regarding its discovery responses. (Doc. 13-1, ¶ 12). In response, Willis Law produced 996 pages of documents, supplemented two of its interrogatory responses, "admitted that [it] was only able to determine the 'approximate' number of annual eviction filings" and, additionally, "listed the party names for 280 cases where it sought personal judgments against individuals." (*Id.*, ¶ 12). It also "identified that its member, Dimitrios Hatzifotinos, was ready, willing, and able to be deposed at any time." (Doc. 19 at 4). According to Plaintiff, not only were Willis Law's supplemental responses deficient, they also raised "new . . . questions" and the need for additional discovery. (Doc. 13-1, ¶ 13).

Specifically, Plaintiff attests the following discovery is necessary in order to respond adequately to Willis Law's summary judgment motion:

- "documents and information concerning the billing software and data Mr. Hatzifotinos reviewed and analyzed to come up with the 'approximate' number of eviction cases filed as well as the information he initially reviewed to aver that [Willis Law] averages only 33 debt collection cases yearly";

- "information and documents reviewed by [Willis Law] . . . to ascertain and provide its list [of] 280 debt collection cases it filed over a four-year period";

- information concerning Willis Law's response "that it 'is not a debt collector subject to the FDCPA'" given its recent representation that it filed "280 debt collection cases over the past four years";

- "specifically confirm that [Willis Law] relied solely on an incomplete Revised Final Statement in filing its MSJ and that it does not have and has never seen the Original Final Statement that may be in the possession of the landlord";

- "information and documents including but not limited to those related to [Willis Law's] evictions practice, debt collection practice, mechanic's lien practice, civil litigation practice[,] and its extrajudicial communications on behalf of clients with consumers over the past four years" to "rebut" Willis Law's argument "that only a small percentage of its work involves debt collections";

- "documents and information related to and concerning the basis and validity" of Willis Law's bona fide error defense; and

- depose a corporative representative of Willis Law.

(*Id.*, ¶¶ 13–16). As to these requests, Willis Law maintains that it has responded fully. And regardless, says Willis Law, the information Plaintiff seeks is irrelevant to whether it is a "debt collector" under the FDCPA. (*See generally* Doc. 19 at 4–9).

     *2. Plott Factors*

The Court now balances the five *Plott* factors to decide whether Plaintiff is entitled to further discovery before responding to Willis Law's summary judgment motion.

     i.    Timeliness and Diligence

"The main inquiry in assessing a request under Rule 56(d) is 'whether the moving party was diligent in pursuing discovery.'" *Bailey v. Sperry Van Ness/R.M. Moore, LLC*, No. 3:16-CV-128, 2016 WL 4250328, at *1 (E.D. Tenn. Aug. 10, 2016) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)). "In some circuits, a request for additional time to conduct discovery is granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery.'" *Bailey*, 2016 WL 4250328, at *1 (quoting *E.M.A. Nationwide*, 767 F.3d at 623 n.7). Indeed, three of the five *Plott* factors implicate the movant's diligence throughout discovery: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) how long the discovery period has lasted; and (3) whether the party seeking discovery was dilatory in its discovery efforts. *See Plott*, 71 F.3d at 1196–97.

Up front, the Court again emphasizes the early juncture of these proceedings. Discovery has not yet closed, and Willis Law moved for summary judgment roughly five-and-a-half months before the close of discovery. "The Sixth Circuit has admonished district courts that 'summary judgment should not ordinarily be granted before discovery has been completed.'" *Dish Network*,

7

2011 WL 13130841, at *4 (quoting *Tarleton v. Meharry Med. Coll.*, 717 F.2d 1523, 1535 (6th Cir. 1983)).

Turning to the first timeliness factor—when Plaintiff learned of the issue that is the subject of the desired discovery—the Court finds this factor to be largely neutral. Willis Law emphasizes that, "[s]hortly after Plaintiff filed this lawsuit, [its] member, Dimitrios Hatzifotinos, had a phone conversation with one of the attorneys for Plaintiff, whereby he told Plaintiff's counsel that it was not a 'debt collector' as defined by the FDCPA," but Plaintiff waited until June 15 to serve written discovery concerning Willis Law's status as a debt collector. (Doc. 19 at 10). But "[t]his factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Doe v. City of Memphis*, 928 F.3d 481, 492–93 (6th Cir. 2019) (citing *Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992) (considering movant's argument that new caselaw from late in the discovery period necessitated further discovery)). That is not what happened here. Rather, Plaintiff served discovery requests relevant to Willis Law's status as a debt collector, among other inquiries, in his first set of discovery requests. *See, e.g.*, *City of Memphis*, 928 F.3d at 493 ("Because the desired discovery in this case was sought in Plaintiffs' first set of discovery requests, this factor is not applicable to the facts in this case and is therefore neutral.").

As for the second timeliness factor—how long the discovery period has lasted—the Court once more stresses the early stage of these proceedings. Rule 56(d) "recogni[zes] that a party should not be forced to respond to a motion for summary judgment without a reasonable opportunity to obtain evidence it needs to defeat a motion." *Bailey*, 2016 WL 4520328, at *2 (citing *McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir. 2005)). And Willis Law moved for summary judgment less than two months into the seven-month discovery period and only

several days after Plaintiff served his first set of discovery requests.  (*See generally* Docs. 9, 11, 13).  This factor, therefore, weighs in favor of Plaintiff's request for relief.  *See Cline v. Dart Transit Co.*, 804 F. App'x 307, 315 (6th Cir. 2020) (reversing district court's decision where the parties had only ninety days to complete discovery).

Turning to the final *Plott* timeliness factor—whether the party seeking discovery was dilatory in its discovery efforts—there is no evidence that Plaintiff purposefully delayed discovery. Willis Law notes only that, despite offering to make its corporate representative available for deposition as early as July 1, Plaintiff has not yet conducted this deposition.  (Doc. 19 at 10–11). But the fact that Plaintiff might want to defer taking potentially crucial deposition testimony until first obtaining certain written fact discovery is not evidence of bad faith.  Indeed, when Willis Law made this offer, the parties were only two months into discovery.  *See, e.g.*, *City of Memphis*, 928 F.3d at 492 (reversing district court's denial of Rule 56(d) motion and noting that plaintiffs "could not have known that Defendant would [] move for summary judgment in January of that year" but "reasonably believed the discovery process would go on several months longer than it did").

In any event, the standard for assessing timeliness "is not perfection."  *Cline*, 804 F. App'x at 315; *see also id.* ("[B]ecause nearly all of plaintiffs' discovery efforts were not dilatory, this *Plott* Factor weighs in plaintiffs' favor.").  Said differently, this is not, for example, a case in which there were "ample opportunities for parties to conduct discovery beforehand" or where "the need for additional information is attributable to the party's own lack of diligence during the discovery period."  *Peltier v. Macomb Cty., Mich.*, No. 10-cv-10796, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011) (quotation marks and citations omitted); *see also Silver v. Webber*, 443 F. App'x 50, 56 (6th Cir. 2011) (holding that plaintiffs were dilatory when they had six months, including

four extensions of time, to prepare their summary judgment response).  In sum, this final timeliness factor weighs in Plaintiff's favor.

ii.     Relevance of Requested Discovery

The Court now considers whether the evidence Plaintiff seeks "*might*" influence the Court's perception of a genuine factual dispute.  *Dobbins v. Craycraft*, 423 F. App'x 550, 554 (6th Cir. 2011) (emphasis added) (holding that district court abused its discretion in denying Rule 56(d) relief and granting summary judgment motion).  Plaintiff notes that Willis Law relied on "page one of two of a '**Revised** Final Accounting'" statement in its summary judgment motion.  (Doc. 13 at 11) (emphasis in original).  And its request for "page 2 of the Revised Final Statement," as well as "the 'Original' Final statement, . . . will reveal how [Defendants] calculated their respective amounts along with the unauthorized fees and charges Defendants attempted to collect."  (*Id*.). Plaintiff "also seeks information related to [Willis Law's] newly admitted 280 collection cases over four years," asserting that "[th]is is a much greater amount than the 33 yearly collection cases averred to in support of the MSJ."  (*Id*.).  Specifically, "[i]nformation related to [Willis Law's] newly found collection cases, its eviction practice, other activities done on behalf [of] clients against consumers will show and contradict [Willis Law's] position that it and its attorneys are not debt collectors[.]"  (*Id*.).

Willis Law, of course, disagrees.  It asserts that it is a "debt collector" pursuant to the FDCPA only if it brought lawsuits for past-due rent.  (*See generally* Doc. 19 at 6–9).  But because its lawsuits seek only the possession of property, and not outstanding rent, it is not a debt collector. (*See id*.).  So, says Willis Law, the requested documents concerning its eviction cases are irrelevant.  (*See id*.).  But as noted, Plaintiff also seeks documents related to Willis Law's practices generally, including Willis Law's:  evictions practice, debt collection practice, mechanic's lien

practice, civil litigation practice, and its extrajudicial communications on behalf of clients with consumers over the past four years.  (Doc. 13-1, ¶ 14).  Plaintiff additionally seeks information related to the "Revised Final Accounting" statement upon which Willis Law relies in moving for summary judgment.  (Doc. 13 at 11).  The Court finds this evidence "at least . . . ha[s] the potential to materially influence the Court's summary judgment determination."  *Ashley Furniture Indus. Inc. v. Am. Signature, Inc.*, No. 2:11-cv-00427, 2011 WL 4383594, at *4 (S.D. Ohio Sept. 19, 2011).

Moreover, Plaintiff is entitled to "develop the relevant facts" even where some of the requested discovery would not change the Court's ultimate ruling.  *Malibu Boats, LLC v. Mastercraft Boat Co., LLC*, No. 3:15-CV-276-TAV-HBG, 2016 WL 589691, at *6 (E.D. Tenn. Feb. 11, 2016) (citation omitted) (holding that, while defendant's argument that "the desired discovery would not change the ruling . . . may be true, the Court is inclined to allow discovery so that the parties may develop the relevant facts").  "Said differently, the Court is not required to reach the parties' arguments on the merits at this time."  *Wilson v. Ebony Constr. LLC*, No. 2:17-CV-1071, 2018 WL 4743063, at *6 (S.D. Ohio Oct. 2, 2018) (citing *Kras v. Conifer Ins. Co.*, No. 2:16-cv-224-JD-JEM, 2016 WL 6893686, at *8 (N.D. Ind. Nov. 23, 2016), *reconsideration denied*, No. 2:16-CV-224-JD-JEM, 2017 WL 65311 (N.D. Ind. Jan. 6, 2017) (finding it was the "more expedient course" to grant Rule 56(d) relief rather than "rul[e] on the policy language before summary judgment"); *Graf v. Resilience Cap. Partners, LLC*, No. 1:12-cv-2278, 2013 WL 12110251, at *2 (N.D. Ohio Nov. 26, 2013) ("The Court refrains from reaching the merits of the issue until Plaintiff has had an opportunity to conclude discovery.")).

In sum, the Court finds that at least some of the requested discovery has the potential to affect the outcome of this case, and the Court need not further address the merits at this juncture.

Accordingly, this factor tilts slightly in Plaintiff's favor. *See, e.g.*, *Wilson*, 2018 WL 4743063, at *6 (quotation marks and citation omitted) (finding that the "relevancy" *Plott* factor weighed slightly in movant's favor where "the requested discovery [was] not wholly irrelevant to the underlying issues to be decided").

       iii.    Defendant's Responsiveness to Discovery Requests

Despite Plaintiff's contention that Willis Law's discovery responses were deficient, (*see* Doc. 13 at 10), Plaintiff concedes that it ultimately produced nearly one thousand pages of responsive documents in response to his deficiency letter (*see id.*). So the Court views this factor as neutral. Although Willis law was delinquent—producing documents after the deadline and after filing for summary judgment—Plaintiff now has the documents.

To summarize, the balance of the *Plott* factors weigh in Plaintiff's favor—and most importantly, the timeliness factors support Plaintiff's requested relief. The best course, therefore, is to permit Plaintiff to engage in further discovery before responding to Willis Law's summary judgment motion. The Court notes that the December 4, 2020, discovery deadline is quickly approaching. Given that the parties perhaps were reluctant to engage in discovery while Plaintiff's Motion remained pending and while focusing on mediation, the Court will slightly extend that deadline. The fact discovery deadline is **hereby extended** to January 4, 2021. Plaintiff must respond to Willis Law's summary judgment motion within twenty-one (21) days of the close of fact discovery.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 13) is **GRANTED**, and Plaintiff shall respond to Willis Law's summary judgment motion within twenty-one (21) days of the close of fact discovery.

12

IT IS SO ORDERED.


Date:   October 13, 2020                          /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE